**Outten & Golden LLP**
Adam T. Klein (AK 3293)
Tarik F. Ajami (TA 5922)
Justin M. Swartz (JS 7989)
Outten & Golden LLP
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: 212-245-1000

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

| | |
|---|---|
| KELVIN DAMASSIA, on behalf of himself and all others similarly situated, | No. 04 CV 8819 (GEL) (KNF) |
| | **CLASS ACTION COMPLAINT** |
| Plaintiff, | |
| | **JURY TRIAL DEMANDED** |
| -against- | |
| | **ECF CASE** |
| DUANE READE, INC., | |
| Defendant. | |

_____

Plaintiff Kelvin Damassia (collectively "Plaintiff"), individually and on behalf of all others similarly situated as class representatives, by his attorneys Outten and Golden LLP, alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

1.  Duane Reade, Inc., ("Duane Reade" or "Defendant") owns and operates a chain of 252 retail drugstores throughout the New York City metropolitan area. Upon information and belief, Defendant employs thousands of workers in these stores.

1

2.	Upon information and belief, it has been Duane Reade's policy to deprive its drugstore workers, including Plaintiff, of wages to which they are entitled under the law. Duane Reade's unlawful conduct includes, but is not limited to, requiring its workers, including Plaintiff, to work extensive overtime without paying them at overtime wages as required by law.

3.	Upon information and belief, in an attempt to avoid paying some of its workers their earned wages, Duane Reade has given some of its workers titles that include the word "manager." However, many of these purported "managers," including Plaintiff, have performed few or no "managerial" duties. Instead, in some cases, for 90% or more of their work time, these purported "managers" stocked and organized shelves, unpacked boxes, stacked merchandise, cleaned stores and storerooms, took out garbage, unloaded trucks and performed other non-managerial duties.

4.	Damassia was a victim of Duane Reade's unlawful conduct. Damassia worked more than 10 hours per day, five or six days per week, for much of his employment at Duane Reade but was not paid proper overtime wages of time and a half for the hours that he worked in excess of 40 hours per week.

5.	By the conduct described in this Complaint, Defendant has willfully committed widespread violations of the Fair Labor Standards Act and the New York Labor Law by failing to pay its employees, including Plaintiff, proper overtime wages as required by law.

## NATURE OF THE ACTION

6.	This action is brought to recover unpaid wages owed to Plaintiff and all other similarly situated current and former employees of Defendant as well as injunctive and declaratory relief against Defendant's unlawful actions, and attorneys' fees and costs.

7. Plaintiff brings this action on behalf of himself and all similarly situated current and former employees of the Defendant who elect to opt into this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), and specifically the collective action provision of FLSA 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendant, that have deprived Plaintiff and others similarly situated of their lawful overtime wages.

8. Plaintiff also brings this action on behalf of himself and a class of similarly situated current and former employees of Defendant, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for unpaid wages, including but not limited to unpaid overtime wages, pursuant to the New York Labor Law Article 6, §§ 190 et seq. and Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law").

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

10. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

11. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(a).

## THE PARTIES

### The Plaintiff

12. Damassia is an adult individual who is a resident of Jamaica, New York.

13. Damassia was an employee of the Defendant in New York State from approximately December 2001 through approximately June 2002.

**The Defendant**

14. Upon information and belief, Duane Reade is a domestic corporation, incorporated in Delaware, doing business within the City and County of New York.

15. Duane Reade maintains corporate headquarters within the City and County of New York at 440 Ninth Avenue, New York, NY 10001.

16. Upon information and belief, Duane Reade maintains control, oversight, and direction over the operation of its facilities, including their employment practices.

**CLASS AND COLLECTIVE ALLEGATIONS**

17. Plaintiff brings FLSA claims on behalf of himself and all similarly situated persons who work or have worked for Duane Reade as assistant night managers in Duane Reade retail drugstores who elect to opt in to this action (the "FLSA Collective").

18. Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff, and as such, notice should be sent to the FLSA Collective. Upon information and belief, there are many similarly situated current and former employees of Defendant who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

19. Plaintiff also brings New York Labor Law claims on behalf of himself and a class of persons under Rule 23 of the Federal Rules of Civil Procedure consisting of "all persons who work or have worked for Duane Reade as assistant night managers at Duane Reade retail

drugstores between November 5, 1998 and the date of judgment in this action (the "Rule 23 Class").

20.     The persons in the Rule 23 Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of the Defendant.

21.     The claims of Plaintiff are typical of the claims of the Rule 23 Class.

22.     Plaintiff will fairly and adequately protect the interests of the Rule 23 Class.

23.     Defendant has acted or has refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

24.     There are questions of law and fact common to the Rule 23 Class that predominate over any questions solely affecting individual members of the Rule 23 Class, including but not limited to:

(a)     whether Defendant has failed to keep true and accurate time records for all hours worked by Plaintiff and the Rule 23 Class;

(b)     what proof of hours worked is sufficient where employer fails in its duty to maintain true and accurate time records;

(c)     whether Defendant has failed to compensate Plaintiff and the Rule 23 Class for work performed in excess of 40 hours per workweek with proper overtime wages as required by law;

(d)     whether Defendant has failed and/or refused to pay Plaintiff and the Rule 23 Class overtime pay for hours worked in excess of 40 hours per work week within the meaning

of the New York Labor Law Article 6 §§ 190 et seq. and Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

(e) the nature and extent of Rule 23 Class-wide injury and the appropriate measure of damages for the class; and

(f) whether Defendant has a policy of misclassifying workers as exempt from coverage of the overtime provisions of the FLSA and New York Labor Law.

25. The claims of the Plaintiff are typical of the claims of the Rule 23 Class they seek to represent. Plaintiff and the Rule 23 Class work or have worked for Defendant in its retail drugstores and have not been paid overtime wages for the hours that they have worked in excess of 40 hours per week. Defendant has acted and refused to act on grounds generally applicable to the Rule 23 Class, thereby making declaratory relief with respect to the Rule 23 Class appropriate.

26. Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class.

27. Plaintiff has retained counsel competent and experienced in complex class actions and in labor and employment litigation.

28. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of a wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to the

expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant' practices.

## CLASSWIDE FACTUAL ALLEGATIONS

29. All of the work that Plaintiff and the Class Members have performed has been assigned by the Defendant and/or the Defendant has been aware of all of the work that Plaintiff and the Class Members have performed.

30. Upon information and belief, it has been Defendant's policy, pattern or practice to classify assistant night managers as exempt from coverage of the overtime provisions of the FLSA and New York Labor Law, without reference to the types of duties these workers performed.

31. Upon information and belief, Defendant has not trained Plaintiff and the Class Members, or their supervisors, on the differences between exempt and non-exempt work.

32. As part of its regular business practice, the Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and the New York Labor Law.  This pattern or practice includes but is not limited to:

  (a) willfully failing to record all of the time that its employees, including Plaintiff and the Class Members, have worked for the benefit of the Defendant.

  (b) willfully failing to keep payroll records as required by the FLSA and New York Labor Law;

  (c) willfully failing to pay its employees, including Plaintiff and the Class Members, overtime wages for hours that they worked in excess of 40 hours per week.

33. Upon information and belief, Defendant's unlawful conduct described in this Complaint is pursuant to a corporate policy or practice of attempting to minimize labor costs by violating the FLSA and the New York Labor Law.

34. Defendant's unlawful conduct has been widespread, repeated, and consistent.

## PLAINTIFF'S FACTUAL ALLEGATIONS

### Background, Duties, and Compensation

35. Damassia was hired by Duane Reade in approximately December 2001. When he was hired, Damassia was told by Duane Reade's district manager that he would be paid a salary.

36. Damassia worked for Duane Reade from approximately December 2001 through approximately June 2002.

37. Damassia worked in a Duane Reade store at 380 Amsterdam Avenue and 79th Street in New York City as a night assistant manager.

38. Damassia's primary duties included, but were not limited to building displays, stocking shelves, unpacking boxes, stacking merchandise, counting money, cleaning, and unloading trucks.

### Duane Reade Failed to Keep Accurate Records

39. Upon information and belief, consistent with its pattern or practice, Duane Reade did not keep accurate records as required by the FLSA and New York Labor Law.

### Damassia was Not Paid Proper Overtime Wages

40. Consistent with Duane Reade's pattern or practice, Damassia regularly worked in excess of 40 hours per week without being paid overtime wages.

41. Duane Reade's failure to pay Damassia overtime wages for his work in excess of 40 hours per week was willful.

## FIRST CAUSE OF ACTION
### (Fair Labor Standards Act)
### (Brought on Behalf of Plaintiff and all FLSA Class Members)

42.  Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

43.  Duane Reade has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

44.  Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

45.  At all times relevant, Plaintiff was engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

46.  The overtime wage provisions set forth in §§ 201 et seq. of the FLSA apply to Duane Reade

47.  Duane Reade is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

48.  Duane Reade has failed to pay Plaintiff and the FLSA Class the overtime wages to which they were entitled under the FLSA.

49.  Duane Reade's violations of the FLSA, as described in this Complaint have been willful and intentional.  Duane Reade has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and other similarly situated current and former employees.

50.  Because Duane Reade's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

51. As a result of Duane Reade's willful violations of the FLSA, Plaintiff and all others similarly situated have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 et seq.

52. As a result of the unlawful acts of Duane Reade, Plaintiff and the FLSA Class have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### (New York Labor Law: Unpaid Overtime Wages)
### (Brought on Behalf of Plaintiff and all Rule 23 Class Members)

53. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

54. At times relevant to this action, Plaintiff was an employee and Duane Reade has been an employer within the meaning of the New York Labor Law.

55. The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Duane Reade.

56. Duane Reade has failed to pay Plaintiff and the Rule 23 Class the overtime wages to which they were entitled under the New York Labor Law.

57. By Duane Reade's failure to pay Plaintiff and the Rule 23 Class Members overtime wages for hours worked in excess of 40 hours per week, it has willfully violated the New York Labor Law Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.

58. Due to Duane Reade's violations of the New York Labor Law, Plaintiff and the Rule 23 Class Members are entitled to recover from Duane Reade their unpaid overtime wages,

reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, and notice and an opportunity for class members, after the determination of class-wide liability and of individual back pay and interest, to intervene in this action or to file their own suits and petition individually for liquidated damages, and other relief pursuant to New York Labor Law Article 19, §§ 650 et seq.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

A.  That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Duane Reade as assistant night managers in Duane Reade's retail drugstores. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages.

B.  Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §§ 201 et seq. and the supporting United States Department of Labor regulations;

C.  Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

E.  Designation of Representative Plaintiff as representatives of the Rule 23 Class, and counsel of record as Class Counsel;

   F. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations;

   G. Unpaid overtime pay pursuant to N.Y. Lab. Law Article 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations (Plaintiff does not seek liquidated damages under the New York Labor Law on behalf of the Rule 23 class);

   H. Pre-judgment interest;

   I. An injunction requiring Defendant to pay all statutorily-required wages pursuant to the New York Labor Law;

   J. After the determination of class-wide liability, of individual damages, and of Defendant's liability for back pay, notice to class members of the opportunity to intervene in this action or to file separate actions to recover liquidated damages under Article 19, § 681(1) of the New York Labor Law.

   K. Attorneys' fees and costs of the action; and

   L. Such other relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated:         November 5, 2004

        Respectfully submitted,

        **OUTTEN & GOLDEN LLP**

        By:

        /s/ Justin M. Swartz
        Justin M. Swartz (JS 7989)

        Adam T. Klein (AK 3293)
        Tarik F. Ajami (TA 5922)
        Justin M. Swartz (JS 7989)
        **Outten & Golden LLP**
        3 Park Avenue, 29th Floor
        New York, New York 10016
        Telephone:  212-245-1000
        **Attorneys for Plaintiff and the Putative Class**