ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/31/05

91659

------------------------------------------------------------x

KEVIN DAMASSIA and ARNOLD
CABALLERO, on behalf of themselves
and all others similarly situated,

                        Plaintiffs,

      -v-                                       04 Civ. 8819 (GEL)

DUANE READE, INC.,                        **OPINION AND ORDER**

                        Defendant.

------------------------------------------------------------x

Tarik F. Ajami, Outten & Golden LLP, New York,
NY (Adam T. Klein, Justin M. Swartz, of counsel),
for Plaintiffs Kevin Damassia and Arnold Caballero.

Daniel P. Goldberg, White & Case LLP, New York,
NY (M. Victoria Bayoneto, of counsel), for Defendant
Duane Reade, Inc.

GERARD E. LYNCH, District Judge:

       Plaintiffs Kevin Damassia and Arnold Caballero, former employees of defendant Duane Reade, Inc., bring this putative class action lawsuit charging Duane Reade with violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law. Duane Reade moves to dismiss, or in the alternative for summary judgment. The motion will be denied.

## BACKGROUND

       Plaintiffs' complaint, the allegations of which must be taken as true for purposes of the motion to dismiss, alleges that Duane Reade, a New York metropolitan area drugstore chain, has schemed to underpay night-time stock clerks by deceptively titling them "assistant night managers" to "create the impression that these stock clerks are executives exempt from overtime

pay requirements under state and federal law." (Am. Compl. ¶ 3.) As a result, such clerks (including plaintiffs) are required to work 60 hours per week, but are not paid overtime rates for the time worked in excess of 40 hours. (Id. ¶¶ 4-5.) Plaintiffs allege that Duane Reade's violations of the overtime laws were willful. (Id. ¶¶ 55-59.)

Duane Reade moves to dismiss Damassia's claims in their entirety, arguing that Damassia filed his claims past the standard two-year statute of limitations. 29 U.S.C. § 255(a). Although Duane Reade concedes that the statute of limitations is extended to three years for willful violations of the FLSA, id., and that Damassia's claims would be timely by that standard, Duane Reade contends that plaintiffs fail to adequately plead willfulness. In addition, Duane Reade moves for dismissal or partial summary judgment on all claims post-dating November 22, 2003, which would limit Caballero's claims. Duane Reade asserts that its employment practices had been "audited" by the Department of Labor as of that date, and were found not to violate the FLSA in the respect alleged by plaintiffs, thus creating a statutory affirmative defense of good faith based on "conformity with and reliance on any written administrative regulation, order, ruling, approval, or interpretation" of the Department of Labor. 29 U.S.C. § 259.

## DISCUSSION

I. Statute of Limitations

In the context of a motion to dismiss, the Court accepts "as true the facts alleged in the complaint." Jackson Nat'l Life Ins. Co. v. Merrill Lynch & Co., 32 F.3d 697, 699-700 (2d Cir. 1994). The court may grant the motion only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Thomas v. New York, 143 F.3d 31, 36-37 (2d Cir. 1998). Moreover, as the Supreme Court has recently reminded

2

us, under the "notice pleading" system adopted by Rule 8(a) of the Federal Rules of Civil Procedure, a complaint is sufficient if it gives "fair notice of the basis [of a plaintiff's] claims." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).

From the dates given on the face of the complaint, it is clear that Damassia's claims are time-barred if the two-year statute of limitations for non-willful violations of the FLSA applies, but timely under the three-year statute applicable to willful violations. Whether Duane Reade violated the FLSA at all, and whether they did so willfully, implicate questions of fact that should ordinarily be determined at trial or, absent genuinely disputed issues of fact, on summary judgment after full discovery.

Duane Reade asserts, however, that Damassia's complaint should be dismissed at the outset, because plaintiffs have not even adequately alleged willfulness. This assertion is without merit. Duane Reade correctly notes that a complaint may not rest on mere "[l]egal conclusions, deductions or opinions couched as factual allegations." Mason v. Am. Tobacco Co., 346 F.3d 36, 39 (2d Cir. 2003). However, an employer "willfully" violates the FLSA when it does so knowingly or with reckless disregard as to whether its actions are unlawful. McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988). Thus, "willfulness" is not a legal conclusion, but a factual state of mind. The Federal Rules specifically permit a person's "condition of mind," such as "[m]alice, intent, [or] knowledge" to be "averred generally." Fed. R. Civ. P. 9(b).

At any rate, plaintiffs provide ample factual detail. They allege with great specificity the kinds of work they are required to do, and the shifts that they perform. (Am. Compl. ¶¶ 3-5). They allege specifically (although surely such could be fairly inferred) that this work has been "assigned by [Duane Reade] and/or that [Duane Reade] has been aware of all of the work that

Plaintiffs and the Class Members have performed." (Id. ¶ 30.) They repeatedly assert that the classification of stock clerks "as executives exempt from coverage of the overtime provisions of the FLSA" is part of a "policy and pattern or practice" of Duane Reade. (Id. ¶ 31; see also id. ¶¶ 2, 25(e), 25(f), 29, 33.) They specifically allege (and Duane Reade does not dispute) that Duane Reade was "aware of the existence of the FLSA and its overtime requirements." (Id. ¶ 55.) Indeed, they contend not merely that Duane Reade "was or should have been aware that Plaintiffs and the putative Class were not 'executives' exempt from overtime protections" (id. ¶ 57), but that Duane Reade "intentionally designated Plaintiffs and the putative Class 'managers' in [an] attempt to justify classifying them as exempt from overtime protections and avoid liability for overtime payments properly due [them]." (Id. ¶ 58.)

It is difficult to imagine what further "facts" plaintiffs could allege, without access to "smoking gun" internal memoranda unlikely to be available to them without the legal compulsion of the discovery process. Plaintiffs clearly set forth an assertion that defendant acted willfully, with full knowledge of what the law required, full knowledge that its conduct violated the law, and indeed with the deliberate and devious intention of mislabeling their employees in order to cover up the violation. Even before Swierkiewicz, far less has been held sufficient to plead a willful violation of the FLSA. See, e.g., Lavian v. Haghnazari, 884 F. Supp. 670, 673-74, 677, 680 (E.D.N.Y. 1995) (finding that the longer three-year statute of limitations applied where plaintiff pleaded simply that he worked for defendant and was not properly paid for the work).[1]

---

[1] The cases cited by Duane Reade as holding that "bald statements of a willful violation is [*sic*] insufficient to invoke the longer limitations period" (D. Mem. 5-6) specifically note that plaintiffs "fail to allege that [defendant] knew or showed reckless disregard as to whether its conduct was prohibited by the FLSA." Nerseth v. United States, 17 Cl. Ct. 660, 666 n.7 (1989). See also Campbell v. U.S. Air Force, 755 F. Supp. 897, 900 (E.D. Cal. 1990), vacated on other

4

Needless to say, the fact that plaintiffs allege such facts does not mean that they are true or can be proven. There is no doubt, however, that plaintiffs have alleged that Duane Reade acted in deliberate or reckless disregard of the statute,[2] and they are entitled to attempt to prove what they allege. Accordingly, Duane Reade's motion to dismiss on statute of limitations grounds is denied.

II. The Department of Labor Investigation

Duane Reade's motion for summary judgment based on the Department of Labor investigation fares no better. Summary judgment may only be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." Hellstrom v. U.S. Dept. of Veterans Affairs, 201 F.3d 94, 97 (2d Cir. 2000).

---

grounds, 972 F.2d 1352 (Fed. Cir. 1992) (finding also that plaintiffs failed to allege that defendants knew or recklessly disregarded the FLSA provisions). Thus, these cases, which in any event pre-date Swierkiewicz, have no application here, where plaintiffs did specifically allege that defendant deliberately underpaid plaintiffs and schemed to cover up its violations.

[2] It should be noted in this regard, however, that plaintiffs must prove more than that defendant "should have known" it was violating the law. "Should have known" implies a negligence or "reasonable person" standard. Reckless disregard, in contrast, involves actual knowledge of a legal requirement, and deliberate disregard of the risk that one is in violation. See Hazen Paper Co. v. Biggens, 507 U.S. 604, 615 (1993) (finding that the standard of willfulness in the FLSA refers to conduct that is not merely negligent); Trans World Airlines v. Thurston, 469 U.S. 111, 126 (1985) (adopting a definition of "willful" in the FLSA as referring to conduct that "show[s] a disregard for the governing statute" and is "marked by careless disregard [for] whether or not one has the right so to act"). Although plaintiffs at several points frame allegations in terms of what Duane Reade "knew or should have known" (see, e.g., Am. Compl. ¶¶ 55, 56, 57) the allegations cited in the text amply allege that Duane Reade's state of mind was not merely negligent, but deliberate and intentional.

See also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986) (stating that summary judgment should only be granted "after adequate time for discovery").

Duane Reade does not come close to meeting this standard. It asserts that it should be granted summary judgment on the basis of 29 U.S.C. § 259's "good faith" affirmative defense, on which it bears the burden of proof. Duane Reade claims that a Department of Labor "Audit Report" (D. Mem. 9) "necessarily conclude[s] that Duane Reade did not violate the FLSA in any way relevant to this case." (Id. 7.) To substantiate this claim, Duane Reade submits a self-serving four-paragraph affidavit by its Vice President of Human Resources, stating that the Department of Labor "conducted an audit of Duane Reade's business practices to determine if Duane Reade was in compliance with" the FLSA. (Rizzo Decl., dated February 7, 2005 ("Rizzo Decl."), at ¶ 2.) According to Duane Reade, this investigation, which "focused on Duane Reade's Westchester stores,"[3] found various violations of the FLSA, but "did . . . [not] find that Duane Reade's characterization of assistant managers as exempt employees is in violation of the FLSA." (Rizzo Decl. ¶ 2-4.)

Duane Reade attaches three letters from the Department of Labor to this declaration. None of these letters can remotely be characterized as an "Audit Report." These letters, which date from July and August 2004 and not from the November 2003 conclusion of the investigation, either concern Duane Reade's payment of civil penalties for child labor violations assessed earlier, or threaten further action due to its failure to submit proof that payments required by the Department's findings had been made. (Rizzo Decl. Ex. C.) The letters fail to provide any details about the scope of the investigation and discuss no findings other than the

---

[3] Plaintiffs work or worked in Manhattan, not Westchester. (Am. Compl. ¶¶ 38, 45.)

specific violations that led to the assessments being discussed. Certainly, nothing in any of the letters submitted could be construed by a reasonable factfinder as supporting (let alone compelling) a conclusion that Duane Reade's practice with respect to "assistant night managers" had been reviewed or approved by the Department of Labor.

There is no way of knowing what discovery from either Duane Reade or the Department of Labor or both would reveal about these matters. Perhaps, on a full record, Duane Reade will be able to demonstrate that it relied in good faith on some sort of "order, ruling [or] approval" of the Department, as required to establish a defense under § 259. At the very least, the Rizzo Declaration and the attached letters raise more factual questions than they answer, and provide fertile ground for further discovery by plaintiffs. The present record is manifestly inadequate for summary judgment.

## CONCLUSION

Accordingly, defendant's motion to dismiss or for summary judgment is denied.

SO ORDERED.

Dated: New York, New York
May 17, 2005

GERARD E. LYNCH
United States District Judge